UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                          Case No. 19-CR-127

DONALD A. STENSON and
JOHN BURGDORFF,

        Defendants.

## MOTION FOR PROTECTIVE ORDER
## REGULATING THE DISSEMINATION OF DISCOVERY MATERIALS

The United States of America, by and through its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Megan J. Paulson, Assistant United States Attorney for said district, hereby moves this Court under Rule 16(d)(1) of the Federal Rules of Criminal Procedure for a protective order regulating the dissemination of discovery material in the above-captioned case.

### I.    BACKGROUND

Donald A. Stenson and John Burgdorff were charged in a twenty-two count superseding indictment on December 17, 2019 with: (1) Traveling in foreign commerce and engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(c); and (2) Sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1).

The investigation that led to this superseding indictment has revealed that the defendants have been engaging in sex trafficking and related criminal activity for approximately three years. Defendants' conduct has involved several known victims. Additionally, the investigation has

revealed that Stenson attempted to convince victims, including those in this case, to destroy evidence related to this case.

## II. ARGUMENT

As a result of the nature and substance of the investigation that led to the Indictment, much of the discovery material in this case includes sensitive and confidential information or depictions of victims and witnesses. Many of the documents also contain a significant volume of Personal Identifying Information. This sensitive and confidential information is dispersed over a variety of records, including but not limited to, photographs, reports of witness interviews, jail calls, business records, digital forensic images of phones, and Facebook records. As a result of the type and nature of this material, unredacted disclosure would significantly impact the privacy interests of the witnesses and alleged victims. The volume of the sensitive discovery material in this case, however, including such information as names, addresses, dates of birth, phone numbers, and other sensitive and confidential information, makes it impractical to fully redact. The government therefore seeks the entry of a protective order concerning the discovery so that the government may provide defendant and his counsel the discovery materials necessary to allow the defendant to adequately prepare for trial while also allowing the government to protect the confidential and sensitive information of the victims and witnesses.

The Federal Rules of Criminal Procedure contemplate this balance in Federal Rule of Criminal Procedure 16(d)(1), which provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Accordingly, the United States requests that this Court order the following protections regarding the use and dissemination of discovery material in this case:

1. Defense counsel will be provided with a single copy of the discovery materials. Said materials may mask the identification of certain cooperating witnesses, as well as the addresses, telephone numbers, and other identifying information relative to those persons. As additional materials become available, and/or it becomes appropriate for the identity of certain persons to be disclosed, defense counsel will be notified by the United States Attorney's Office.

2. Defense counsel may make copies of the discovery materials as necessary to prepare the defense of the case. All discovery materials, including necessary copies, shall remain under the control of defense counsel. Discovery materials, while in the custody and control of defense counsel, may be reviewed by the defendant, licensed investigators employed by the defense attorney, experts working with defense counsel, and defense counsel's support staff and may only share them as needed to provide a defense for the defendant in this case, including any direct appeal. Defense counsel may use the discovery materials to question or prepare potential witnesses, including showing the materials to such witnesses, but shall not allow such witnesses to retain copies of any of the discovery materials.

3. Counsel for defendant, prior to disclosing any discovery materials to any member of the defense team, will inform persons receiving discovery of the disclosure limitations of the protective order.

4. Copies of the discovery materials filed with the court must be filed under seal to retain the confidential nature of the materials unless consent to filing in the public record is obtained from an attorney for the government.

5. Should the parties wish to attach any discovery materials to any pleading filed with the court, those discovery materials shall be filed under seal. Similarly, the identities of confidential

3

Case 2:19-cr-00127-LA   Filed 12/20/19   Page 3 of 6   Document 31

informants or alleged victims will not be identified in public pleadings or pretrial hearings without authorization of the court. During all pretrial proceedings and pretrial filings, the parties shall identify and address the alleged victims and witnesses by pseudonymous initials (e.g., AV-1).

6. Within ninety (90) days of the conclusion of the trial, or any direct appeal therefrom, defense counsel shall return all materials produced or copied under the proposed order to the United States Attorney. Unless otherwise ordered above, the discovery materials shall not be relinquished or disseminated, physically or electronically, to any third party, including clients, investigators, or any other individual.

7. The government shall make arrangements with any and all institutions where the defendant may be held in federal custody so that a sub-set of discovery materials can be maintained at each institution for inspection by the defendant. Because of the sensitive nature of the discovery in this matter, which includes a significant volume of sensitive information about victims and witnesses as well as sexually explicit videos and photographs, the possession of which would violate the rules of the institution, the government will provide the defendant with those discovery materials which do not include sensitive victim/witness personal information and/or sexually explicit photographs or videos or large quantities of personal identification information. The defendant is prohibited from copying any of the discovery materials or maintaining personal copies of any such materials, and shall be prohibited from transporting any of these materials to his cellblock. The government shall keep defense counsel informed as to the materials provided only to counsel and not to the institution at which the defendant is located. To the extent defense counsel believes any material not provided to defendant at the institution where defendant is located, defense counsel will so inform the government and the parties will work together to

4

address the issue in a way that allows defendant to adequately prepare his defense while safeguarding the personal and sensitive information of the victims and witnesses in this matter. Any notes taken by the defendant regarding the discovery materials can only be shared by the defendant with his attorney.

8. To the extent that the discovery materials include grand jury material, the government will disclose them pursuant to the local rule regarding such disclosure.

9. The restrictions in this stipulation and order shall remain in effect until further order of the Court or by written agreement of the parties.

10. The defendant may seek relief from these protective provisions as to a particular item or items of discovery by filing a motion with the Court under seal stating the need and seeking permission to do so. No disclosure of the item(s) shall be made until the Court so permits. The government will be provided with notice of the motion and be granted an opportunity to respond before any such order is entered.

### III. CONCLUSION

Wherefore, pursuant to Federal Rule of Criminal Procedure 16(d)(1), the United States respectfully requests that this Court issue a protective order to govern discovery produced or disclosed by the United States to the defendant with the protective measures described in this motion.

Dated at Milwaukee, Wisconsin, this 20th day of December, 2019.

> Respectfully submitted,
>
> MATTHEW D. KRUEGER
> United States Attorney

By: */s/ Megan J. Paulson*

MEGAN J. PAULSON
Assistant United States Attorney
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, WI 53202
Telephone: (414) 297-1700
Fax: (414) 297-1738
megan.paulson@usdoj.gov