# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 19-CR-127

DONALD A. STENSON and
JOHN BURGDORFF,

    Defendants.

## ORDER REGARDING USE AND DISCLOSURE OF DISCOVERY MATERIALS

Before the court is the motion of the United States of America for a protective order regulating the dissemination of discovery materials. (ECF No. 31.) Counsel for defendant Donald Stenson has not responded, and counsel for John Burgdorff indicated he does not object to the motion (ECF No. 35).

Upon the motion of the United States of America, by its attorneys, Matthew D. Krueger, United States Attorney, and Megan J. Paulson, Assistant United States Attorney for said district, and pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure,

**IT IS ORDERED THAT:**

1. Defense counsel will be provided with a single copy of the discovery materials. Said materials may mask the identification of certain cooperating witnesses, as well as the addresses, telephone numbers, and other identifying information relative to those persons. As additional materials become available, and/or it becomes appropriate for the identity of certain persons to be disclosed, defense counsel will be notified by the United States Attorney's Office.

2. Defense counsel may make copies of the discovery materials as necessary to prepare the defense of the case. All discovery materials, including necessary copies, shall remain under the control of defense counsel. Discovery materials, while in the custody and control of defense counsel, may be reviewed by the defendant, licensed investigators employed by the defense attorney, experts working with defense counsel, and defense counsel's support staff and may only share them as needed to provide a defense for the defendant in this case, including any direct appeal. Defense counsel may use the discovery materials to question or prepare potential witnesses, including showing the materials to such witnesses, but shall not allow such witnesses to retain copies of any of the discovery materials.

3. Prior to disclosing any discovery materials to any member of the defense team, defense counsel will inform persons receiving discovery of the disclosure limitations of this protective order.

4. Copies of the discovery materials filed with the court must be filed under seal to retain the confidential nature of the materials unless consent to filing in the public record is obtained from an attorney for the government.

5. Should the parties wish to attach any discovery materials to any pleading filed with the court, those discovery materials shall be filed under seal. Similarly, the identities of confidential informants or alleged victims will not be identified in public pleadings or pretrial hearings without authorization of the court. During all pretrial proceedings and pretrial filings, the parties shall identify and address the alleged victims and witnesses by pseudonymous initials (e.g., AV-1).

6. Within ninety (90) days of the conclusion of the trial (or any direct appeal therefrom), defense counsel and the defendants shall return all discovery materials to the government, along with all copies thereof, or cause such discovery materials and copies to be destroyed, and certify their destruction.

7. The government shall make arrangements with any and all institutions where the defendants may be held in federal custody so that a sub-set of discovery materials can be maintained at each institution for inspection by the defendants. Because of the sensitive nature of the discovery in this matter, which includes a significant

volume of sensitive information about victims and witnesses as well as sexually explicit videos and photographs, the possession of which would violate the rules of the institution, the government will provide the defendants with those discovery materials which do not include sensitive victim/witness personal information and/or sexually explicit photographs or videos or large quantities of personal identification information. The defendants are prohibited from copying any of the discovery materials or maintaining personal copies of any such materials, and shall be prohibited from transporting any of these materials to their cellblocks. The government shall keep defense counsel informed as to the materials provided only to counsel and not to the institution at which the defendants are located. To the extent defense counsel believes any material not provided to defendants at the institution where defendants are located, defense counsel will so inform the government and the parties will work together to address the issue in a way that allows defendants to adequately prepare their defense while safeguarding the personal and sensitive information of the victims and witnesses in this matter. Any notes taken by the defendants regarding the discovery materials can only be shared by the defendants with their attorneys.

8. To the extent that the discovery materials include grand jury material, the government will disclose them pursuant to the local rule regarding such disclosure.

9. The restrictions in this stipulation and order shall remain in effect until further order of the Court or by written agreement of the parties.

10. The defendants may seek relief from these protective provisions as to a particular item or items of discovery by filing a motion with the Court under seal stating the need and seeking permission to do so. No disclosure of the item(s) shall be made until the Court so permits. The government will be provided with notice of the motion and be granted an opportunity to respond before any such order is entered.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 2nd day of January, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

5
Case 2:19-cr-00127-LA   Filed 01/02/20   Page 5 of 5   Document 36