United States of America
District Court
Eastern District of Wisconsin

United States of America,

      Plaintiff,

v.                      Case No. 19-Cr-127

Donald Stenson,

      Defendant.

## Defendant's Sentencing Memorandum

  Donald Stenson ("Stenson") is sixty-eight years old, and he has no prior criminal record. [Doc. 153-25 ¶ 118]  In this case Stenson was charged with multiple counts alleging that he engaged in sexual relationships with a number of underaged girls in Thailand; and, perhaps, in other foreign countries.  Eventually, Stenson reached a plea agreement with the government.  Under the terms of the agreement, Stenson entered guilty pleas to two counts of sex trafficking a minor.  Each count carries a minimum mandatory sentence of ten years in prison, with the maximum being life in prison.  The government agreed to recommend a total of twenty years in prison; and the agreement further acknowledges that the defense will recommend ten years confinement.

  The sentencing question that the court must contend with, then, is: What amount of prison time is sufficient, but not excessive, to accomplish the sentencing factors?

  As will be set forth in greater detail below, the least amount of confinement that is sufficient, but not greater than is necessary, to accomplish the goals of sentencing is probably significantly less than ten years.  Nevertheless, the law provides that the minimum sentence the court may impose is ten years.  That is exactly what the court should do.

  The guideline range is imprisonment for life. [Doc. 153-35 ¶ 165]  However, "The

1

sentencing judge may not perfunctorily impose a guidelines sentence or even presume that such a sentence is appropriate in a given case. [internal citation omitted] The guidelines range is only 'a rough approximation of sentences that might achieve § 3553(a)'s objective' in the 'mine run of cases.' [internal citation omitted]  It supplies 'the starting point and the initial benchmark,' but nothing more." *United States v. Warner,* 792 F.3d 847, 855, 2015 U.S. App. LEXIS 11938, *15-16, 2015-2 U.S. Tax Cas. (CCH) P50,379, 116 A.F.T.R.2d (RIA) 2015-5175

The statutory minimum mandatory sentence is ten years if the court runs the sentences concurrent to one another.  The government will recommend that a total of twenty years in prison is the appropriate number.

The appropriate sentencing factors are well-known, and need not be repeated for the benefit of the court.  They will, however, be addressed in detail below.

### *Protection of the community*

The government may assert that a twenty years prison sentence is necessary in order to protect the community from Stenson  through incapacitation and deterrence.

However, protection of the community" in this case is practically a non-factor. Given Stenson's age and lack of criminal record, in ten years, at age 78[1], he clearly will not pose a significant danger to the community such that a longer prison sentence is required.   It is very expensive to keep an older man in prison and, in this case, it just does not seem worth it.

### *Deterrence*

The government may assert that, despite this being his first criminal conviction, a twenty year prison sentence is necessary to punish Stenson, and to deter others.  But, in this case, a twenty year period of incarceration represents nothing more than hollow symbolism.

A sentence that is designed to "punish" a defendant suggests that it is part of the

---

[1] Stenson is entitled to approximately one years of pretrial incarceration credit because he was out of custody for much of the time the case was pending

2

rehabilitative process. That is, by punishing Stenson's bad behavior, when he is released he will be less likely to commit another offense. Here, that sort of thinking is absurd. If the court were to impose a twenty year sentence, Stenson would be close to ninety years old when he is released into the community. At that age, even if he had not been chastened by the punishment, his physical ability to commit any crimes would be severely limited. To put it bluntly, is there any legitimate reason to teach a 68 year-old man a lesson by sending him to prison for twenty years?

Nevertheless, there is no denying that the law is rich with symbolism. A twenty year sentence would be symbolic of the government's intention to aggressively address the scourge of child sex trafficking. .

But should the court's sentence in a criminal case ever be merely symbolic? Is it appropriate to make an example of a fellow human being? Here, imposing a sentence on Stenson that "makes an example" of him suggests that others may be deterred (general deterrence).

As mentioned above, the goals of sentencing are well-known. What is not well-known is whether there actually is any correlation between incarceration and its deterrent and rehabilitative effect.

Prison sentences are largely the inventions of politicians anxious to demonstrate to the public that Congress is *doing something* about whatever the crime *du jour* may be. Thus, The framers of the Guidelines stated that "under [pre-Guidelines] sentencing practice, courts sentenced to probation an inappropriately high percentage of offenders guilty of certain economic crimes, such as theft, tax evasion, antitrust offenses, insider trading, fraud, and embezzlement, that in the Commission's view are 'serious'. If the guidelines were to permit courts to impose probation instead of prison in many or all such cases, the . . . sentences would continue to be ineffective. The Commission's solution to this problem has been to write guidelines that classify as 'serious' (and therefore subject to mandatory prison sentences) many offenses for which probation is now frequently given." *United States v. Seacott*, 15 F.3d 1380, 1388-1389, 1994 U.S. App. LEXIS 2193, *26-27

Really, though, this is nothing more than a feeble, political rationalization.

The chart below[2] illustrates the massive increase in incarceration in the United States beginning in 1982. As of 2010, as a consequence of more punitive laws and harsher sentencing policies, 2.3 million people are incarcerated in the United States. Below that chart is a chart demonstrating how the United States compares to other industrialized countries in the world:

---

[2] Source: Walmsley, R. (2016). World Prison Brief. London: Institute for Criminal Policy Research. Available online: http://www. prisonstudies.org/world-prison-brief; chart taken from *The Sentencing Project, Fact Sheet*, June, 2017



If there were any true correlation between the length of federal prison sentences, and the deterrent and rehabilitative effect of those sentences, one would think that the crime problem in the United States would be solved by now.

In deciding what is the appropriate sentence for Stenson, the court should look beyond the mere political symbolism that the prison sentence urged by the government will provide. As will be explained below, when it comes to addressing the crime problem, such sentences are counterproductive.

Firstly, *certainty of punishment* has a far greater deterrent effect than does a prison sentence. "The Institute of Criminology at Cambridge University was commissioned by the British Home Office to conduct a review of research on major studies of deterrence. Their 1999 report concluded that …the studies reviewed do not provide a basis for inferring that increasing the severity of sentences generally is capable of enhancing deterrent effects."[3] In other words, when a person is deciding whether to commit a crime, the calculus he likely uses focuses on the question of *whether* he will be caught, not necessarily on the penalty involved.

Uninformed individuals, though, may argue that a prison sentence is justified because, at least for the time he is imprisoned, the prisoner is incapacitated and is unable to commit further crimes. To that extent, then, the reasoning goes, a prison sentence serves the purpose of protecting the public.

Unfortunately, though, the data do not support this brute logic. Again, the *Sentencing Project*[4] reveals that:

> A series of studies have examined the public safety effects of imposing longer periods of imprisonment. Ideally, from a deterrence perspective, the more severe the imposed sentence, the less likely offenders should be to re-offend. A 1999 study tested this assumption in a meta-analysis reviewing 50 studies dating back to 1958 involving a total of 336,052 offenders with various offenses and criminal histories. Controlling for risk factors such as criminal history and substance abuse, the authors assessed the relationship between length of time in prison and recidivism, and found that longer prison sentences were associated with a three percent increase in recidivism. Offenders who spent an average of 30 months in prison had a recidivism rate of 29%, compared to a 26% rate among prisoners serving an average sentence of 12.9 months.

Thus, although the person may be incapacitated while he is in prison, when he is released he is more likely to reoffend.[5]

This discussion of what is an appropriate sentence for a 68 year-old man is not complete, either, without asking the question, "At what cost?"

As mentioned, Stenson is 68 years old. Research suggests that, at this point, he

---

[3] The Sentencing Project, *Deterrence in Criminal Justice*, November, 2010
[4] *Id*
[5] Admittedly, this point does not really apply to Stenson.

poses almost no risk to the community. The Seventh Circuit has noted:

> The propensity to engage in criminal activity declines with age, and is, on average, sharply lower for persons over 70—although persons 65 and older are 13 percent of the population, **they account for only seven tenths of one percent of arrests**. FBI, "Crime in the United States: Arrests by Age, 2010," (citations omitted) There is both an aging effect and a selection effect: the cost of acquiring criminal skills increases with age, and career criminals, who already possess such skills, are likely to retire from crime before reaching old age because repeated crimes bring increasingly heavy sentences. Id. at 132-33. Persons convicted of a crime committed when they are 70 or older are thus unlikely to commit further crimes even if released after a short term of imprisonment.

(emphasis provided) *United States v. Johnson*, 685 F.3d 660, 661 (7th Cir. Ill. 2012).

Further, as the presentence investigation report reflects, "The most recent advisory from the Administrative Office of the U.S. Courts suggests a monthly cost of $3,688.00 to be used for imprisonment, a monthly cost of $2,980.00 for community confinement, and a monthly cost of $371.00 for supervision." [Doc.153-37 ¶ 178] This is expensive, but significantly less than the estimate offered by the Seventh Circuit for imprisoning older individuals..

> Recently retired Judge Posner observed that:
>
> Federal imprisonment is expensive to the government; the average expense of maintaining a federal prisoner for a year is between $25,000 and $30,000, (citations omitted), and the expense rises steeply with the prisoner's age because the medical component of a prisoner's expense will rise with his age, especially if he is still alive in his 70s (not to mention his 80s or 90s). It has been estimated that an elderly prisoner costs the prison system between $60,000 and $70,000 a year.

*concurring opinion, United States v. Craig,* 703 F.3d 1001, 1003 (7th Cir. 2012).

This seems like a lot of money to spend in order to make the largely symbolic point that Stenson is being severely "punished" for his crime, rather than being merely placed in prison for ten years.

7

Case 2:19-cr-00127-LA   Filed 03/21/23   Page 7 of 8   Document 155

### *Restitution is the most important consideration*

There is a large amount of restitution due; and, let's face it, given the amount of Stenson's remaining life-expectancy, it seems unlikely that he will ever pay the whole amount. It is important, then, that Stenson pay the restitution he is able to in the time he has remaining to do so.

As part of the plea agreement, Stenson is required to pay $40,000 toward restitution. Upon information and belief, he has done so.

For these reasons, the court is urged to impose a sentence of ten years in prison.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2023.

                                        Law Offices of Jeffrey W. Jensen
                                      Attorneys for the Defendant

                                      /s/    Jeffrey W. Jensen
                                                    State Bar No. 01012529

111 E. Wisconsin Ave.
Suite 1925
Milwaukee, WI 53202-4825

414.671.9484
jensen@milwaukeecriminaldefense.pro